UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MALDONADO-ROMERO,<br><br>                              Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-02366-RBM-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Oscar Maldonado-Romero's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I.      BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States without inspection, as an unaccompanied minor, on or about March 4, 2006.  (Doc. 10 at 2 (citing Doc. 10-1 at 9).)  "Immigration and Customs Enforcement ('ICE') apprehended Petitioner, issued a Notice to Appear ('NTA'), and released him on his own recognizance."  (*Id.*)  On July 22, 2024, Petitioner was arrested in Indio, California on charges of "felony cruelty to animals with intent to kill, infliction of corporal injury on a spouse or cohabitant, child abuse with possible great bodily injury, [and] violation of a protective order."  (Doc. 10 at 2; Doc. 11 at 8 [Declaration of Oscar Maldonado-Romero ("Romero Decl.")] ¶ 2.) Petitioner pled guilty in October 2024 and was sentenced to three years of probation and

1

174 days of community service.  (Romero Decl. ¶ 2.)  On October 30, 2025, Petitioner went to court for that criminal case and was detained by ICE after his hearing.  (*Id.* ¶ 3.)

On November 1, 2025, ICE served Petitioner with a Notice to Appear, charging him as inadmissible under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).  (Doc. 10 at 2.)  On March 20, 2026, an immigration judge ordered Petitioner removed to El Salvador.  (*Id.* (citing Doc. 10-1 at 15–30).)  Petitioner timely filed an appeal of the immigration judge's decision to the Board of Immigration Appeals ("BIA").  (Romero Decl. ¶ 5.)  That appeal remains pending.

On April 13, 2026, Petitioner, then proceeding *pro se*, filed his Petition (Doc. 1) and Motion to Appoint Counsel (Doc. 2).  The Court appointed counsel and set a briefing schedule on the Petition.  (Doc. 4.)  Respondents filed their Return to Petition for Writ of Habeas Corpus (Doc. 10) on May 1, 2026.  (Doc. 10.)  Petitioner filed his Traverse in Support of Petition for Writ of Habeas Corpus on May 4, 2026.  (Doc. 11.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.   DISCUSSION

It is undisputed that Petitioner is subject to detention under 8 U.S.C. § 1226(c).  (Doc. 10 at 2; Doc. 11 at 1.)  Accordingly, the issue before the Court is whether, under the circumstances of this case, applying the mandatory detention provisions of § 1226(c) violates Petitioner's due process rights.

3:26-cv-02366-RBM-SBC

Petitioner argues that his detention has become unconstitutionally prolonged. (Doc. 1 at 2, 6–14; Doc. 11 at 1–5.) Respondents argue that (1) "mandatory detention under § 1226(c) does not violate due process" under *Demore v. Kim*, 538 U.S. 510 (2003), and (2) even under a factor-based test, Petitioner has not shown that his detention is unreasonable. (Doc. 10 at 2–8.) The Parties also disagree who should bear the burden of proof if Petitioner is entitled to a bond hearing. (*See id.* at 8–9; Doc. 11 at 6.)

The Court finds that: (1) unreasonably prolonged detention under § 1226(c) without a bond hearing may violate due process, (2) Petitioner's detention has been unreasonably prolonged, and (3) Respondents shall bear the burden of proof at the bond hearing.

**A.      Due Process**

Respondents argue that "[b]ecause Petitioner is a criminal noncitizen within the meaning of 1226(c), his ongoing detention during the pendency of his removal proceedings does not violate due process because 'it necessarily serves the purpose of preventing deportable criminal [noncitizens] from fleeing prior to or during their removal proceedings.'" (Doc. 10 at 5 (quoting *Demore*, 538 U.S. at 528).)

"The authority to detain certain noncitizens already in the country pending the outcome of removal proceedings is found in 8 U.S.C. §§ 1226(a) and 1226(c)." *Durand v. Allen*, Case No.: 3:23-cv-00279-RBM-BGS, 2024 WL 711607, at *2 (S.D. Cal. Feb. 21, 2024) (citation omitted). "The first position, which sets out the general rule, places the [noncitizen's] detention within the Attorney General's discretion." *Id.* "The second provision, which is an exception to the general rule, makes detention during removal proceedings mandatory when the [noncitizen] is 'inadmissible' or 'deportable' for specified reasons—usually because the [noncitizen] has been convicted of a qualifying criminal offense." *Id.* (citations omitted).

In *Demore*, the Supreme Court rejected a facial challenge to mandatory detention under § 1226(c). 538 U.S. at 527–31. "Finding that Congress was 'justifiably concerned' that criminal noncitizens would 'fail to appear for their removal hearings in large numbers,' the Court held that Congress 'may,' consistent with due process restrictions on government

power, 'require that persons such as respondent be detained for the brief period necessary for their removal proceedings' without an initial bond hearing." *Black v. Decker*, 103 F.4th 133, 141 (2nd Cir. 2024) (quoting *Demore*, 538 U.S. at 513–14). "However, Justice Kennedy's concurring opinion, which created the majority rejecting the facial challenge to mandatory detention under § 1226(c), specifically noted that 'a lawful permanent resident [ ] such as respondent could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified.'" *Abdul-Samed v. Warden*, Case No. 1:25-cv-00098-SAB-HC, 2025 WL 2099343, at *5 (E.D. Cal. July 25, 2025) (quoting *Demore*, 538 U.S. at 532 (Kennedy, J., concurring)); *see also Nielsen v. Preap*, 586 U.S. 392, 420 (2019) ("Our decision today on the meaning of [§ 1226(c)] does not foreclose as-applied challenges . . . ."); *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021) ("we adhere to the notion that the Due Process Clause imposes some form of reasonableness limitation upon the duration of detention under section 1226(c)") (cleaned up); *Black*, 103 F.4th at 149 (noting that the Supreme Court "said nothing about whether due process may *eventually* require a hearing") (emphasis in original); *German Santos v. Warden*, 965 F.3d 203, 209–10 (3rd Cir. 2020) (holding that noncitizens detained under § 1226(c) may bring as-applied due process challenges).

Although the Ninth Circuit has not yet taken a position on whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c),[1] the Court finds persuasive the reasoning of the *Reid*, *Black*, and *German Santos* courts and incorporates their reasoning here. The Court therefore joins the "[n]umerous courts [that] have [ ] held that unreasonably prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing violates due process." *Blake v. Mullin*, No. 3:26-cv-00844-BTM-SBC, 2026 WL 913130,

---

[1]  *See Martinez v. Clark*, 36 F.4th 1219, 1223 (9th Cir. 2022) ("Whether due process requires a bond hearing for [noncitizens] detained under § 1226(c) is not before us today. And we take no position on that question."), *vacated and remanded on other grounds*, 144 S. Ct. 1339 (2024).

3:26-cv-02366-RBM-SBC

at *2 (S.D. Cal. Apr. 2, 2026) (collecting cases) (citation omitted). The Court now turns to whether Petitioner's detention has become unreasonably prolonged.

**B.      Prolonged Detention**

Courts have applied different tests to analyze whether a noncitizen's detention has become unreasonably prolonged. *See Sanchez-Rivera v. Matuszewski*, Case No.: 22-cv-1357-MMA (JLB), 2023 WL 139801, at *5–6 (S.D. Cal. Jan. 9, 2023) (surveying approaches). For the reasons discussed in *Sanchez-Rivera*, the Court finds it appropriate to apply the three-factor test of *Lopez v. Garland*, 631 F. Supp. 3d 870, 87 (E.D. Cal. 2022). Under this test, the Court considers "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Id.*

As to the first factor, Petitioner has been detained for nearly seven months. (*See* Doc. 10 at 2.) In the § 1225(b) context, "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable." *Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases); *see also Black*, 103 F.4th at 137–38 (affirming district court judgment ordering bond hearing for petitioner detained seven months under § 1226(c)). The length of detention thus weighs in Petitioner's favor.

As to the second factor, the Court finds that Petitioner has reason to anticipate significant future detention. Petitioner's appeal to the BIA remains pending, and the "undetermined, but likely significant, period of mandatory detention through the appeals process" weighs in favor of Petitioner. *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025); *accord Guatam v. Corr. Corp. of Am.*, Case No.: 3:25-cv-3600-JES-DEB, 2026 WL 25846, at *5 (S.D. Cal. Jan. 5, 2026) ("a removal order may not become final until after the appeals [the petitioner] could file, to both the Board of Immigration Appeals and Ninth Circuit"); *Masood v. Barr*, Case No. 19-cv-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) ("The BIA appeal . . . [is a] perfectly legitimate proceeding[ ] he is legally entitled to pursue," and the respondents "cannot predict with any degree of

confidence when the BIA appeal will be resolved," which "could lead to further proceedings that might take up many more months, or even years."). This factor weighs heavily in Petitioner's favor.

As to the third factor, there is nothing in the record to suggest that either Party is responsible for delays in the removal proceedings. This factor is thus neutral.

Two of the factors weigh in Petitioner's favor, and none weigh against him. Therefore, the Court finds that Petitioner's detention under § 1226(c) has become unreasonably prolonged and that due process requires that he be provided with a bond hearing.

## C.    Burden of Proof

The Court "agrees with Petitioner and an overwhelming majority of courts that have held that the government must justify the continued confinement of a non-citizen detainee under § 1226(c) by clear and convincing evidence that the non-citizen is a flight risk or a danger to the community." *Sanchez-Rivera*, 2023 WL 139801, at *7 n.5 (citing *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011)); *see also Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [the petitioner] is a danger to the community" regarding a bond hearing for a noncitizen detained under § 1226(c)); *Pham v. Becerra*, Case No. 23-cv-01288-CRB, 2023 WL 2744397, at *7 (N.D. Cal. Mar. 31, 2023) ("Absent controlling authority to the contrary, the reasoning of *Singh* and its holding remains applicable to § 1226(c) cases, like this one, where there is a 'substantial liberty interest at stake'") (citation omitted).

## IV.    CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge within **fourteen (14) days** of entry of this Order to determine whether his continued detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. If no hearing

3:26-cv-02366-RBM-SBC

occurs **within fourteen (14) days** of entry of this Order, Petitioner shall be released from Respondents' custody.  On or before **June 5, 2026**, Respondents **SHALL FILE** a status report indicating whether and when Petitioner received a bond hearing, and the outcome of that bond hearing.  Respondents shall also make a record of the bond hearing available to Petitioner's counsel.

**IT IS SO ORDERED.**

DATE:  May 13, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

7

3:26-cv-02366-RBM-SBC